DECISION.
Raising three assignments of error, defendant-appellant Andre Miles appeals from his convictions for the November 1997 murder-for-hire of two Cincinnati business owners. Miles was hired by the wife of one of the victims. At the conclusion of the guilt phase of the trial, the jury returned verdicts of guilty on all the charged counts of aggravated murder, with gun specifications, and aggravated robbery, also with gun specifications. Following the penalty phase of the trial, the jury returned a recommendation of incarceration for life without the possibility of parole, and the court imposed that sentence to run consecutively with periods of incarceration for the gun specifications and the aggravated robbery counts.
In his first assignment of error, Miles contends that the prosecutor exercised three peremptory challenges to remove jurors solely on account of their race, in violation of the Equal Protection Clause of the United States Constitution. See Batsonv. Kentucky (1986), 476 U.S. 79, 89, 106 S.Ct. 1712, 1719. A review of the transcript of the proceedings reveals that, as the trial court chose to accept the race-neutral explanation given by the state for the exclusion of the prospective jurors, see Statev. White (1999), 85 Ohio St.3d 433, 709 N.E.2d 476, this court will not disturb that ruling absent a demonstration that it was clearly erroneous. See Hernandez v. New York (1991),500 U.S. 352, 369, 111 S.Ct. 1859, 1871; see, also, State v. Raglin (1998),83 Ohio St.3d 253, 699 N.E.2d 482. Because we cannot say that the trial court clearly erred by accepting the state's explanations, the assignment of error is without merit.
Miles next claims he was deprived of the effective assistance of counsel guaranteed by the federal and the Ohio constitutions when his counsel did not seek the removal a prospective juror from the venire after she declared, in a letter to the trial judge, that she had already decided that Miles was guilty. The second assignment of error is overruled, as the prospective juror remained just that; she was not seated as a juror or an alternate juror. Miles, thus, cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington (1984), 466 U.S. 668,694, 104 S.Ct. 2052, 2068.
In his final assignment of error, Miles contends that the trial court erred in denying his motion to suppress his confession to police officers. The credibility of the investigating officers who testified at the hearing on the motion was for the trial court, sitting as the trier of fact, to determine. See State v. DePew (1988), 38 Ohio St.3d 275, 277,528 N.E.2d 542, 547. The trial court found, and the record supports the conclusion, that Miles admitted to Joshua and Bonnie Willis that he had killed the two store owners; that, in an audiotaped statement, he confessed the killings to police officers after completing a waiver-of-rights form; and that a number of warrants were outstanding for Miles at the time he was questioned by the police. Therefore, the trial court did not err in denying Miles's motion. See Miranda v. Arizona, (1966), 384 U.S. 436,86 S.Ct. 1602; see, also, Colorado v. Connelly (1986), 479 U.S. 157,107 S.Ct. 515. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ.